UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY GOODRICH, | ) | |
| | ) | Case No. 1:17CV0797 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge David A. Ruiz |
| | ) | |
| DR. TODD HOUGHLAN, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

The plaintiff Jerry Goodrich filed a prisoner civil rights complaint in this court under 42 U.S.C. § 1983 against defendants Dr. Todd Houghlan, Dr. Janice Douglas, Health Care Administrator David Hannah, and Dr. Andrew Eddy. (R. 1.) The complaint alleges an Eighth Amendment violation for deliberate indifference to serious medical needs. *Id.* Defendants have moved for summary judgment on the following grounds: (1) Goodrich failed to exhaust his administrative remedies (R. 19, PageID #: 99-101); (2) defendants are entitled to qualified immunity (*id.* at 98-99); and (3) the Eighth Amendment claim lacks merit on the facts (*id.* at 93-98). Goodrich has not responded to the motion. Defendants are entitled to summary judgment because Goodrich failed to exhaust his administrative remedies before filing this action.

I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Non-moving parties may not rest upon the mere allegations in their pleadings nor upon general allegations that issues of fact may exist. *See Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974). The Supreme Court held that:

. . . Rule 56(c)[1] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The evidence need not be in a form admissible at trial in order to avoid summary judgment, but Rule 56(e) requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Id. at 324.

A party asserting an affirmative defense, however, bears the burden of proof at trial regarding the affirmative defense and also bears that burden at the summary judgment stage. See, e.g., Wells Fargo Bank, N.A. v. Favino, No. 1:10CV571, 2011 WL 1256847, at *4 (N.D. Ohio Mar. 31, 2011) (citing Celotex, 477 U.S. at 323-324). Further, if a motion for summary judgment is unopposed, then the court may properly rely upon the facts provided by the movant. Hoepf v. Obregon, No. 1:05CV200, 2007 WL 756692, at *3 (S.D. Ohio Mar. 8, 2007) (citing Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 404-405 (6th Cir. 1992)).

II. EXHAUSTION UNDER THE PRISON LITIGATION REFORM ACT ("PLRA")

The defendants' motion asserts that Goodrich's complaint must be dismissed because he failed to exhaust available administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a). (R. 19, PageID #: 99-101.) The relevant statutory language provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] Now Rule 56(a).

42 U.S.C. § 1997e(a); *see also Grinter v. Knight*, 532 F.3d 567, 577-578 (6th Cir. 2008); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *Thomas v. Novicky*, No. 13CV1469, 2014 WL 6896576, at *3 (N.D. Ohio Dec. 8, 2014). Summary judgment is appropriate, under the PLRA, if the defendants "establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Peterson v. Cooper*, No. 10-2375, 2012 WL 573954, at *1 (6th Cir. Feb. 23, 2012) (per curiam) (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)). The Supreme Court has stated that several public policy goals underlie the exhaustion requirement:

> . . . Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524-525 (2002) (internal citations omitted).

Exhaustion is mandatory; thus, prisoners must exhaust any available administrative remedies before bringing a court action. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (PLRA establishes mandatory exhaustion regime). The Sixth Circuit has commented that the "PLRA's exhaustion requirement is a strict one." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 226 (6th Cir. 2011). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *see also Quinn v. Eshem*, No. 16-3272, 2016 WL 9709498, at *2 (6th Cir. Dec. 20, 2016) (affirming summary judgment in part

because inmate skipped step two of grievance procedure and failed to exhaust administrative remedies); *Richmond v. Settles*, 450 Fed. Appx. 448, 457 (6th Cir. 2011) (quoting *Woodford*, 548 U.S. at 90) ("proper exhaustion of administrative remedies ... means using all steps that the agency holds out, and doing so properly").

The applicable procedural rules are determined by prison's grievance procedures, not by the PLRA. *Jones*, 549 U.S. at 218; *Risher*, 639 F.3d at 240 (citing *Woodford*); *Kramer v. Wilkinson*, No. 07-4104, 2008 WL 5099716, at *3 (6th Cir. Dec. 3, 2008) (per curiam). A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy. *Napier*, 636 F.3d at 221 n.2 (citing *Brock v. Kenton Cty.*, 93 Fed. Appx. 793, 797-798 (6th Cir. 2004).

The grievance procedure available to Ohio prison inmates is set forth in the Ohio Admin. Code (OAC) § 5120-9-31. *Marshall v. Ohio Dep't of Rehab. & Corr.*, No. 17-3569, 2018 WL 2539418, at *2 (6th Cir. May 23, 2018); *Mack v. DeWitt*, No. 01-4163, 2002 WL 847991, at *1 (6th Cir. Apr. 30, 2002); OAC § 5120-9-31(K). "First, unless the grievance involves personal conduct of the warden or inspector of institutional services, an inmate must file, within fourteen days of the complained-of incident, an 'informal complaint' with 'the direct supervisor of the staff member, or department most directly responsible for the particular' incident." *Quinn*, 2016 WL 9709498, at *2; OAC § 5120-9-31(K)(1). Second, if the inmate is dissatisfied with the resolution of his informal complaint, then he or she may file a "notification of grievance" with the inspector of institutional services within fourteen days. *Quinn*, 2016 WL 9709498, at *2; OAC § 5120-9-31(K)(2). The inmate is entitled to a written response within fourteen days, and if the inmate is dissatisfied with the disposition of the grievance, the inmate may proceed to the third step and appeal to the chief inspector of institutional services. OAC § 5120-9-31(K)(3).

The Supreme Court has held that inmates are not required to specially plead or demonstrate exhaustion in their complaints. *See Jones*, 549 U.S. at 211-217 (abrogating *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000), and other cases requiring same). In light of the Supreme Court decision in *Jones v. Bock*, this court has held that "failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is an issue that can only properly be decided in the posture of a motion for summary judgment." *Benavidez v. Stansberry*, No. 4:07CV03334, 2008 WL 4279559, at *8 (N.D. Ohio Sept. 12, 2008); *accord*, *Storm v. Bureau of Prisons*, No. 4:08CV1690, 2010 WL 4628666, at *7 (N.D. Ohio Oct. 14, 2010), *adopted by* 2010 WL 4628657 (N.D. Ohio Nov. 5, 2010); *see also Bruin v. Meko*, No. CIV.A. 14CV57, 2015 WL 1061578, at *3 (E.D. Ky. Mar. 10, 2015).

Failure to exhaust is an affirmative defense under the PLRA. *Jones*, 549 U.S. at 211-212, 216; *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). "When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox*, 851 F.3d at 590 (citing *Surles v. Andison*, 678 F.3d 452, 455-456 (6th Cir. 2012)); *see also Fraley v. Ohio Dep't of Corr.*, No. 16-4720, 2018 WL 2979902, at *2 (6th Cir. Mar. 22, 2018) (defendant must prove non-exhaustion by preponderance of the evidence); *Quinn*, 2016 WL 9709498, at *2 (citing *Risher*, 639 F.3d at 240) (burden of proof falls on defendants).

III. DEFENDANTS' MOTION

The defendants' motion for summary judgment asserts that Goodrich failed to exhaust available administrative remedies before filing this action. (R. 19, PageID #: 101.) Goodrich has not filed any response to the motion, despite ample time to do so. The court finds that the

plaintiff's failure to respond to defendants' motion for summary judgment amounts to an abandonment of his claims against them. *See, e.g.*, *Williams v. Chuvalas*, No. 2:16CV33, 2017 WL 5157802, at *2 (S.D. Ohio Nov. 7, 2017), *adopted by*, 2017 WL 6055181 (S.D. Ohio Dec. 7, 2017) (citing *Clark v. City of Dublin*, 178 Fed.Appx. 522, 524-525 (6th Cir. 2006) (affirming trial court's finding that a party's failure to properly respond to the arguments raised in a motion for summary judgment constituted an abandonment of those claims)). In addition, after considering the merits of defendants' motion and plaintiff's complaint, the court finds that defendants have met their burden and shown that there is no genuine dispute of material fact regarding plaintiff's failure to exhaust administrative remedies.

Plaintiff's complaint alleges that he presented the facts relating to his complaint in the state prisoner grievance procedure, but does not provide factual support and merely asserts "all steps available under O.A.C. § 5120-9-31 [were] fully exhausted." (R. 1, PageID #: 2). Defendants assert that Goodrich did not name any defendant in any informal complaint, notification of grievance, or appeal, except for one informal complaint filed on March 1, 2007. (R. 19, PageID #: 101, citing exhibits to the motion). In addition, defendants contend that Goodrich failed to completely exhaust any grievance and failed to comply with the requirements set forth in the administrative procedures. *Id.*

The defendants have filed an affidavit from Karen Stanforth, the Assistant Chief Inspector for Grafton Correctional Institution, with exhibits attached, to support their contentions that Goodrich failed to exhaust his administrative remedies. *See generally* R. 19-5 ("Stanforth Affidavit"). According to the Stanforth Affidavit, she reviewed Goodrich's complete grievance file, which contains the following documents.

A. July 29, 2016, Informal Complaint ("July 29th IC")

Goodrich submitted the July 29th IC to "Hannah," which the Court concludes refers to defendant David Hannah, Health Care Administrator. (R. 19-5, PageID #:118; R. 19-7, Exh. B.) Although this IC references Goodrich's concern about pain in his stomach—allegedly due to sutures from an unspecified incident—it fails to identify any of the four defendants by name, it does not reference any defendant's actions in connection with the July 29 IC, and it does not provide dates, times or places underlying the July 29 IC. Rather, it merely refers to the "medical center here at GCI" and an unnamed nurse. *See* R. 19-7, Exh. B, PageID #: 123. "Staff provided a written response…on August 5, 2016." R. 19-5, para. 15. There is no indication that Goodrich moved on to Step Two, and filed a "notification of grievance" with the inspector of institutional services. *See Quinn*, 2016 WL 9709498, at *2; OAC § 5120-9-31(K)(2). Thus, Goodrich failed to exhaust his administrative remedies as to the July 29th IC.

More fundamentally, the July 29th IC does not mention any defendant and fails to exhaust remedies against any defendant. *Peoples v. Bauman*, No. 16-2096, 2017 WL 7050280, at *4 (6th Cir. Sept. 5, 2017) (because inmate failed to name defendants in his grievance, he failed to exhaust his claims against them); *Lee v. Willey*, 789 F.3d 673, 680 (6th Cir. 2015) (citing *Vandiver v. Corr. Med. Servs., Inc.*, 326 Fed. Appx. 885, 888 (6th Cir. 2009); *Sullivan v. Kasajaru*, 316 Fed. Appx. 469, 470 (6th Cir. 2009)) (grievance cannot exhaust claim against defendant where defendant is not named in Step One of grievance procedure); *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11CV00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013), *adopted by*, 2013 WL 3761130 (S.D. Ohio July 16, 2013); *see generally* Ohio Admin. Code § 5120-9-31(K) (IC must contain specific name(s) of personnel involved in incident).

B.  October 13, 2016, Informal Complaint ("October 13th IC")

Goodrich directed the October 13th IC to "Health Care Administrator." *Id.* (R. 19-5, PageID #:118; R. 19-8, Exh. C.) This IC references Goodrich's concern about "inadequate medical care" and "lack of diagnosis." *See* R. 19-8, Exh. C, PageID #: 124.  Goodrich complained about the following: continuing pain in his stomach area, where he was shot thirty years before; that he has had three CAT scans, but "nobody will tell me anything about what is wrong," and state the scans do not show anything. *Id.*

Again, the October 13th IC fails to reference any of the four defendants by name; it does not identify their alleged actions giving rise to this IC; and it does not provide dates, times or places underlying this complaint. Rather, it generally indicates that "nobody will tell me anything about what is wrong." *Id.* Because the October 13th IC does not mention the defendants, it cannot exhaust remedies against them.  *Peoples*, 2017 WL 7050280, at *4; *Lee*, 789 F.3d at 680; *Younker*, 2013 WL 3222902, at *4; *see generally* Ohio Admin. Code § 5120-9-31(K).

On October 18, 2016, Goodrich received a response to the October 13th IC, but he did not file a Notification of Grievance until November 25, 2016, thirty-eight days later.  (R. 19-9, Exh. D, PageID #: 125; *see also* R. 19-8, Exh. C, PageID #: 124; 19-5, para. 16.) Because an inmate is required to file a "notification of grievance" with the inspector of institutional services within fourteen days after receiving the response to the informal grievance, Goodrich did not timely comply with the second step procedure. *Quinn*, 2016 WL 9709498, at *2; OAC § 5120-9-31(K)(2).  More importantly, Goodrich repeated the allegations in his October 13th IC, but again did not name any of the defendants.  (R. 19-9, Exh. D, PageID #: 125.)

8

Despite the untimely filing of the "notification of grievance," the institution responded with "a disposition of grievance" dated December 9, 2016, which denied his grievance and noted that he was scheduled for a follow-up doctor appointment the following month. (R. 19-10, Exh. E, PageID #: 126.) Goodrich filed an appeal to the chief inspector of institutional services on December 16, 2016. (R. 19-11, Exh. F, PageID #: 127.) The appeal, again, does not name any of the named defendants. *Id.*

The defendants assert that the October 13 IC and subsequent filings were not properly exhausted because plaintiff's Step Two "notification of grievance" was untimely filed. (R. 19-5, PageID #: 119.) The institution waived that claim for procedural default by addressing the merits of that grievance via the disposition of grievance. *See, e.g.*, *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) (when prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, the court should not invoke failure to exhaust on that basis); *see also Maxwell v. Correctional Med. Servs., Inc.*, 538 Fed. Appx. 682, 687-688 (6th Cir. 2013). Although the grievance is not procedurally barred due to untimeliness, the Court finds that none of the filings related to October 13th IC name any defendant; and, therefore cannot serve to exhaust remedies against them. *Peoples*, 2017 WL 7050280, at *4; *Lee*, 789 F.3d at 680; *Younker*, 2013 WL 3222902, at *4; *see generally* Ohio Admin. Code § 5120-9-31(K).

### C. March 1, 2017, Informal Complaint ("March 1st IC")

Goodrich submitted the March 1st IC to "Health Care Administrator Mrs. Shepherd/Hannah." (R. 19-5, PageID #:119; R. 19-13, Exh. H.) This IC alleges serious neglect of a medical condition, and specifically names defendants "Dr. Hoglan" [*sic*] and Dr. Douglas as persons directly involved in the treatment he questions. (R. 19-13, Exh. H, PageID #: 129.) The

9

institution responded on March 3, 2017, indicating that Dr. Douglas determined Goodrich's hernia was considered reducible by a hernia belt and surgery was not an option at that time. *Id.* The Stanforth Affidavit asserts that Goodrich did not file a Step Two "notification of grievance" with the inspector of institutional services; and there is no evidence before this court contrary to that statement. Goodrich, therefore, failed to exhaust his administrative remedies in connection with the March 1st IC. (R. 19-5, PageID #:119; *see Quinn*, 2016 WL 9709498, at *2; OAC § 5120-9-31(K)(2).)

### D.  April 18, 2017, Informal Complaints

Goodrich filed three informal complaints dated April 18, 2017. *See* R. 19-14, Exh. I; R. 19-17, Exh. L; R. 19-18, Exh. M. He directed the First April 18th IC to "Hannah, Supervisor." (R. 19-5, PageID #: 119; R. 19-14, Exh. I.) This IC alleges that the "medical staff" and "the nurse" were not properly addressing his medical requests concerns his alleged stomach problems. (R. 19-14, Exh. I, PageID #: 130.) But the First April 18th IC does not reference any of the four defendants by name. *Id.* Because that IC does not mention the defendants, it cannot be considered as exhausting remedies against them. *Peoples*, 2017 WL 7050280, at *4; *Lee*, 789 F.3d at 680 (grievance cannot exhaust claim against defendant where defendant is not named in Step One of grievance procedure); *Younker*, 2013 WL 3222902, at *4; *see generally* Ohio Admin. Code § 5120-9-31(K).

Staff provided a written response to the First April 18th IC on April 21, stating that a follow-up medical appointment had already been scheduled. (R. 19-14, Exh. I, PageID #: 130.) Goodrich then filed a Notification of Grievance on April 28, 2017, complaining that the "medical staff" and "the staff nurse" were not properly responding to his medical needs. (R. 19-5, PageID #: 119-120; R. 19-15, Exh. J.) Yet again, the grievance does not name any of the defendants. *Id.*

10

The inspector of institutional services issued a Disposition of Grievance denying the grievance on May 15, 2017. (R. 19-16, Exh. K, PageID #: 132.) Goodrich did not file an appeal of that decision. (R. 19-5, PageID #: 120.) Therefore, Goodrich failed to exhaust his administrative remedies as to the First April 18th IC.

Goodrich filed a second informal complaint dated April 18, 2017, ("Second April 18th IC") that he directed to "Deputy Warden Spatny." (R. 19-5, PageID #: 120; R. 19-17, Exh. L.) The Second April 18th IC is substantially identical to the First April 18th IC, alleging that the "medical staff" and "the nurse" were not properly addressing his medical requests concerning alleged stomach concerns. (R. 19-17, Exh. L, PageID #: 133.) Once more, this Second April 18th IC does not reference any of the four defendants by name (*see id.*), and it cannot serve to exhaust remedies against any defendant. *Peoples*, 2017 WL 7050280, at *4; *Lee*, 789 F.3d at 680; *Younker*, 2013 WL 3222902, at *4; *see generally* Ohio Admin. Code § 5120-9-31(K).

Spatny responded on April 24. (R. 19-17, Exh. L, PageID #: 133.) According to the Stanforth Affidavit, Goodrich did not file a Step Two "notification of grievance" with the inspector of institutional services. (R. 19-5, PageID #:120.). Because there is no contrary evidence before this court, Goodrich failed to exhaust his administrative remedies regarding the Second April 18th IC. *Quinn*, 2016 WL 9709498, at *2; OAC § 5120-9-31(K)(2).

Goodrich's filed a third informal complaint dated April 18, 2017 ("Third April 18th IC"); this one directed to "Mrs. V. Shepherd Administrator, Medical." (R. 19-5, PageID #: 120; R. 19-18, Exh. M.) The Third April 18th IC is substantially identical to the other two filed on April 18, alleging that the "medical staff" and "the nurse" were not properly addressing his medical requests concerning alleged stomach problems. (R. 19-18, Exh. M, PageID #: 134.) Again, however, this IC fails to reference any of the four defendants by name. *Id.* Because this IC does

11

not identify any defendant, it too cannot be considered as exhausting remedies against any defendant. *Peoples*, 2017 WL 7050280, at *4; *Lee*, 789 F.3d at 680; *Younker*, 2013 WL 3222902, at *4; *see generally* Ohio Admin. Code § 5120-9-31(K).

Moreover, staff responded to the Third April 18th IC on April 25, 2017, indicating that a follow-up medical appointment had already been scheduled for Goodrich. (R. 19-18, Exh. M, PageID #: 134.) The Stanforth Affidavit indicates that Goodrich failed to file a Step Two "notification of grievance" with the inspector of institutional services. (R. 19-5, PageID #:121.) Goodrich, therefore, failed to exhaust his administrative remedies as to the Third April 18th IC. *Quinn*, 2016 WL 9709498, at *2; OAC § 5120-9-31(K)(2).

## IV. CONCLUSION

The defendants' motion for summary judgment (R. 19) is GRANTED. First, Goodrich has abandoned his claims by not filing any response to the defendant's motion. Second, after considering the defendants' motion on the merits, the defendants are entitled to summary judgment because no genuine dispute of material fact exists. The defendants have carried their burden to demonstrate that Goodrich failed to exhaust his administrative remedies regarding any of his underlying administrative claims because he did not follow the procedures set forth in the Ohio Administrative Code. *See generally Jones*, 549 U.S. at 211; *Woodford*, 548 U.S. at 90-91. Because I find the first issue raised in the defendants' motion dispositive, this decision declines to address the defendants' remaining grounds for summary judgment.

IT IS SO ORDERED.

March 26, 2019        /s/ David A. Ruiz
                      David A. Ruiz
                      United States Magistrate Judge